IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | ) COMPLAINT WITH<br>) JURY DEMAND |
| L & R EXPRESS FOOD MART, INC. | )<br>) |
| Defendant. | ) CV-09-CO-1927-J<br>) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Larry Rowe[1] who was adversely affected by such practices. The Commission alleges that Defendant terminated Mr. Rowe after learning that he was HIV positive, in violation of 42 U.S.C. §12112(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(a) and (3) of Title VII of the Civil Rights Act of 1964, s amended, 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

---

[1] The Commission will be utilizing a pseudonym in this case whenever referring to the individual who was harmed by Defendant so as to protect his confidentiality and the confidentiality of his medical information.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Jasper Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.  At all relevant times, Defendant, L & R Express Food Mart, Inc., (the "Employer") has continuously been a corporation doing business in the State of Alabama, the City of Berry, and has continuously had at least fifteen employees. It is engaged in the business of retail convenience store sales.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6.  At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Larry Rowe filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times relevant to the events alleged in this complaint Larry Rowe was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of his job for Defendant.

9. Larry Rowe is a qualified individual with a disability under 42 U.S.C. §12102(2). Mr. Rowe has been diagnosed as being HIV positive.

10. Larry Rowe began working for Defendant in May 2007 in a convenience store. His duties include greeting customers, doing inventory, operating a cash register, maintaining the appearance of the premises and stocking shelves.

11. In November 2007, Mr. Rowe advised his employer about his HIV status.

12. After receiving this information, managers of the Employer immediately limited Mr. Rowe's work duties. Later that day, they advised Mr. Rowe that his employment was being terminated and he would not be permitted to return to work.

13. Mr. Rowe explained to the Defendant that his HIV status would not interfere with the performance of his duties, but the decision for his termination remained unchanged.

14. Defendant erroneously regarded Mr. Rowe as substantially limited in one or more major life activities and terminated him because of myths, fears and stereotypes associated with his physical condition.

15. Defendant terminated Mr. Rowe because of his disability, in violation of 42 U.S.C. §12112(a).

16. The unlawful practices complained of above were intentional.

17. Defendant Employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Larry Rowe, in violation of the ADA, 42 U.S.C. §12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against Mr. Rowe because of his disability.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C. Order Defendant Employer to develop a "Zero Tolerance" policy against disability discrimination.

D. Grant a judgment requiring the Defendant Employer to make whole Larry Rowe by providing appropriate back wages with prejudgment interest in amounts to be determined at trial, and by granting other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Larry Rowe by providing compensation for pecuniary and non-pecuniary losses, including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F. Order Defendant Employer to pay Larry Rowe punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
C. Emanuel Smith (MS 7473)
Regional Attorney

_____
Julie Bean (DC 433292)
Supervisory Trial Attorney

_____
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office

Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2044
Fac.: (205) 212-2041